UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

February 2, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:     *Laurin M. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
        Civil No. 23-627-CDA

Dear Counsel:

On March 8, 2023, Plaintiff Laurin M. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 9) and the parties' briefs (ECFs 12, 14, 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.      **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on October 21, 2014, and a Title XVI application for Supplemental Security Income ("SSI") benefits on November 18, 2014. Tr. 301–11. In both applications, Plaintiff alleged a disability onset date of March 17, 2014. Tr. 301, 303. Plaintiff's claims were denied initially and on reconsideration. Tr. 227–34, 237–40. An Administrative Law Judge ("ALJ") held hearings on Plaintiff's claims on August 15, 2017, and January 24, 2018. Tr. 69–112. Following the hearings, on May 15, 2018, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 50–68. The Appeals Council denied Plaintiff's request for review of the decision. Tr. 1–10.

After Plaintiff petitioned this Court for review, the Court remanded Plaintiff's case to the SSA and the Appeals Council vacated the ALJ's decision. Tr. 1080–85. A third hearing was held

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on March 8, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Laurin M. v. O'Malley*
Civil No. 23-627-CDA
February 2, 2024
Page 2

by a different ALJ on November 16, 2022. Tr. 985–1032. On December 29, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 948–84. This decision constitutes the final, reviewable decision of the SSA. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); 20 C.F.R. §§ 404.984(d), 416.1484(d).

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Relevant to this case, a claimant cannot be found disabled if drug addiction or alcoholism ("DAA") are material to the determination of disability. *See* 42 U.S.C. § 423(d)(2)(C). When evidence of DAA is present, an ALJ must determine whether DAA is a "contributing factor material to the determination of disability" unless the ALJ finds that the claimant is eligible for benefits due to age or blindness. 20 C.F.R. §§ 404.1535(a), 416.935(a). In assessing the materiality of DAA, an ALJ "evaluate[s] which of [the claimant's] current physical and mental limitations, upon which [the ALJ] based [their] current disability determination, would remain if [the claimant] stopped using drugs or alcohol[.]" 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2). The ALJ then "determine[s] whether any or all of [the claimant's] remaining limitations would be disabling." 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2). This evaluation involves "apply[ing] the steps of the sequential evaluation [process] a second time[.]" Social Security Ruling ("SSR") 13-2p, 2013 WL 621536, at *4 (Feb. 20, 2013). If the ALJ determines that the claimant's remaining limitations would not be disabling, then the ALJ must find that DAA is a contributing factor material to the determination of disability. *See* 20 C.F.R. §§ 404.1535(b)(2)(i), 416.935(b)(2)(i). If the ALJ determines that the claimant's remaining limitations would be disabling, then the ALJ must find that DAA is not a contributing factor material to the determination of disability. *See* 20 C.F.R. §§ 404.1535(b)(2)(ii), 416.935(b)(2)(ii).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 17, 2014, the alleged onset date." Tr. 954. At step two, the ALJ found that Plaintiff suffered from severe "substance abuse disorder, generalized anxiety disorder, major depressive disorder, post-traumatic stress disorder (PTSD), adjustment disorder, unspecified personality disorder, obesity, left knee osteoarthritis, and lumbar spine degenerative disc disease." *Id.* The ALJ also determined that Plaintiff suffered from non-severe "ovarian cysts, status-post diverticulitis with sigmoid resection, high blood pressure, hepatic steatosis, hyperlipidemia, and ventral hernia." *Id.* At step three, the ALJ determined that "[e]ven with [Plaintiff's] substance

use," Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 955. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can never climb ladders, ropes, or scaffolds. The claimant can occasionally kneel and crouch. The claimant can never be exposed to unprotected heights or moving mechanical parts. The claimant would need to be close to a restroom or have access to a restroom, perhaps on the same floor. The claimant can perform simple and routine tasks not at a production pace rate. The claimant can have occasional interaction with coworkers, supervisors, and the public. The claimant would be off task greater than 15% of the workday.

Tr. 958. The ALJ determined, given this RFC, that Plaintiff was unable to perform any past relevant work and that there were no jobs existing in significant numbers in the national economy that Plaintiff could perform. Tr. 964. The ALJ further determined that, if Plaintiff "stopped the substance use," she: (1) would have the same severe impairments (except substance abuse disorder) and (2) would not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. Tr. 965–66. The ALJ also found that, if Plaintiff "stopped the substance use," she would retain the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can never climb ladders, ropes, or scaffolds. The claimant can occasionally kneel and crouch. The claimant can never be exposed to unprotected heights or moving mechanical parts. The claimant would need to be close to a restroom or have access to a restroom, perhaps on the same floor. The claimant can perform simple and routine tasks not at a production pace rate. The claimant could occasionally interact with coworkers, supervisors, and the public.

Tr. 968. The ALJ determined that Plaintiff would still be unable to perform her past relevant work if she stopped her substance use. Tr. 971. However, the ALJ found that Plaintiff could perform work existing in significant numbers in the national economy if she stopped using substances. *Id.* The ALJ concluded that Plaintiff's "substance use disorder is a contributing factor material to the determination of disability because [Plaintiff] would not be disabled if [s]he stopped the substance use." Tr. 973. Thus, the ALJ determined that Plaintiff was not disabled. *Id.*

### III.  LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached by applying the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is

*Laurin M. v. O'Malley*
Civil No. 23-627-CDA
February 2, 2024
Page 4

"more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises two arguments on appeal. First, she argues that the ALJ failed to adequately support their conclusion that Plaintiff's substance abuse disorder was a medically determinable impairment before determining that DAA was material to Plaintiff's disability. ECF 12, at 8–13. Second, she contends that the ALJ committed reversible error by failing to explain why Plaintiff would be "off task greater than 15% of the workday" due to substance use but would have no such limitation when not using substances. *Id.* at 15 (quoting Tr. 958). Defendant counters that "the ALJ's decision as a whole adequately articulates the basis for finding Plaintiff's substance abuse disorder to be a severe medically determinable impairment." ECF 14, at 9 (citing Tr. 957–64). Defendant also avers that "the longitudinal evidence" supported the ALJ's conclusions regarding off-task time. *Id.* at 13.

The Court finds Plaintiff's second argument dispositive. In their decision, the ALJ determined that Plaintiff "would be off task [for more] than 15% of the workday" based on all of Plaintiff's impairments, including substance use. Tr. 958. In a narrative discussion supporting the RFC, the ALJ noted that Plaintiff's "mental impairments have impacted her functioning, especially in the context of alcohol use[.]" Tr. 962. But, aside from stating that the RFC's time-off-task limitation was "due to the effects of alcohol use disorder," *id.*, the ALJ provided no explanation of how Plaintiff's substance use affected her ability to stay on task—let alone her ability to stay on task for a specific percentage of a workday. Indeed, the ALJ described Plaintiff as "a functional alcoholic." Tr. 960.

The Court agrees with Plaintiff that this lack of explanation constitutes error. A claimant's RFC represents "the most [she] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). SSR 96-8p details the steps an ALJ must take when assessing a claimant's RFC. *See generally* SSR 96-8p, 1996 WL 374184 (July 2, 1996). Specifically, the ruling provides that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7. Here, the ALJ provided no supporting explanation for the RFC's off-task provision and, consequently, violated SSR 96-8p's directive to explain each element of the RFC. *See id.*

Notably, the ALJ's error occurred within the context of assessing an RFC under which Plaintiff was found disabled. *See* Tr. 965. Such an error would not normally warrant remand. *See Josiah T. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-3572, 2022 WL 684944, at *2 (D. Md. Mar. 8, 2022) (noting that an error must be harmful to warrant remand) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)). However, the error was made harmful by the ALJ's additional conclusion

*Laurin M. v. O'Malley*
Civil No. 23-627-CDA
February 2, 2024
Page 5

that, if Plaintiff "stopped the substance use," no off-task limitation would be warranted. Tr. 968. After assessing an RFC based upon Plaintiff's impairments and use of substances, the ALJ determined that Plaintiff would have the same impairments (except for substance abuse disorder) if her substance use ceased. Tr. 965. The ALJ then determined that, if Plaintiff discontinued her substance use, the only change to her RFC would be the elimination of an off-task limitation. Tr. 968.

SSR 13-2p requires an ALJ to "provide sufficient information [to] explain[] the rationale supporting their determination of the materiality of DAA so that a subsequent reviewer . . . is able to understand the basis for the materiality finding and the determination of whether the claimant is disabled." SSR 13-2p, 2013 WL 621536, at *2 (Feb. 20, 2013). Accordingly, courts have found remand necessary where an ALJ fails to explain how changes in the RFC are attributable to a claimant's substance use. *See, e.g.*, *Albert B. v. Kijakazi*, No. 5:22-CV-00865-EJD, 2023 WL 6462856, at *4 (N.D. Cal. Sept. 29, 2023) (remanding because the ALJ contravened SSR 13-2p by failing explain why the claimant would be "off task [for] 30% of an 8-hour workday" only if the claimant were using substances); *J.N. v. Kijakazi*, No. 21-CV-03736-JCS, 2023 WL 2699979, at *10 (N.D. Cal. Mar. 28, 2023) (remanding because the ALJ contravened SSR 13-2p by failing to explain why substance use, rather than the claimant's "coexisting mental impairments," limited the claimant "to being late to work by fifteen minutes every day").

Here, the ALJ committed an error similar to those made in *Albert B.* and *J.N.* by failing to explain: (1) why Plaintiff's substance use warranted an off-task limitation and (2) why Plaintiff would possess no such limitation if she discontinued her substance use. Indeed, the ALJ determined that "if the substance use was stopped," the only change to Plaintiff's degree of limitation in the broad areas of mental functioning would be that Plaintiff's ability to adapt and manage herself would be "mild," as opposed to "marked." Tr. 957, 967–68. However, the decision contains no indication that Plaintiff's limitations in adapting and managing herself are connected to her ability to stay on task at work. Thus, the Court is unable to draw any inference from this analysis that might support the second RFC's omission of an off-task percentage.

The ALJ also acknowledged that Plaintiff "continued to . . . report PTSD symptoms interfering with her concentration *even without* substance abuse." Tr. 968 (citing Exhibits 18F, 33F) (emphasis added). Accordingly, the ALJ determined that Plaintiff continued to possess a moderate limitation in concentrating, persisting, and maintaining pace even in the absence of substance use. *See id.* The decision provides no insight into whether Plaintiff's concentration, persistence, or pace limitations are connected to her ability to remain on task. However, assuming that they are, it is unclear why the ALJ decided not to address Plaintiff's off-task time in the second RFC given their conclusion that Plaintiff's concentration, persistence, and pace difficulties would endure in the absence of substance use.

In sum, the ALJ erred by failing to provide substantial evidence for the determination that Plaintiff's substance use—rather than her mental impairments and related limitations—would cause Plaintiff to be off-task for a specific percentage of the workday. This lack of explanation frustrates meaningful review of the ALJ's decision. *See* SSR 13-2p, 2013 WL 621536, at *2. Furthermore, the ALJ's decision makes clear that the inclusion of an off-task percentage in the

RFC was material to Plaintiff's ability to perform jobs existing in significant numbers in the national economy. *See* Tr. 965, 972. Because the ALJ's error therefore impacted the disability determination reached in this case, the Court determines that remand is necessary.

As this case is being remanded on other grounds, the Court need not address Plaintiff's other argument. On remand, the ALJ is welcome to consider that argument and to adjust their decision accordingly. In remanding for further analysis, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

### V.  CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge